IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID WILLIAMS                                                                                            PLAINTIFF
ADC #78730

V.                              NO: 5:13CV00389 JLH/HDY

CORIZON LLC *et al*.                                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

      hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff David Williams filed a *pro se* complaint (docket entry #2), on December 23, 2013, alleging that he has been denied adequate medical care for his hepatitis C. Defendants Jimmy Banks, Ray Hobbs, Wendy Kelley, and Joe Page ("ADC Defendants"), filed a motion for summary judgment, a brief in support and a statement of facts, on December 17, 2014 (docket entries #84-#86). On December 19, 2014, Defendants Corizon LLC, Renee Fallhowe, Ojiugo Iko, Michael Person, and Deborah York ("Medical Defendants"), filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #87-#89). Plaintiff filed responses on January 28, 2015 (docket entries #93-#96), which included cross motions for summary judgment.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

2

of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Plaintiff was diagnosed with hepatitis C in 2004. Since that time, prison medical providers have not treated Plaintiff with medication, but have monitored his condition. Plaintiff contends that he should have received medication therapy since at least January of 2012, and asserts that Ojiugo Iko, M.D., and Syed A. Samad, M.D., have both offered opinions that Plaintiff needs medication for his disease. Plaintiff provided copies of both physician's treatment notes (docket entry #2-1, pages #83-#85).

Medical Defendants

The Medical Defendants contend that Plaintiff has been treated appropriately for his hepatitis, and Plaintiff cannot establish an Eighth Amendment violation with respect to his medical care. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.

The Medical Defendants argue that they are entitled to summary judgment because they follow treatment guidelines established by the Federal Bureau of Prisons ("BOP"), and under those guidelines, Plaintiff's test results do not establish a need for medication therapy, but only continued monitoring. In support of their motion, the Medical Defendants have provided the affidavit of Robert Floss, M.D. (docket entry #88-3). According to Floss, the medication Plaintiff seeks is toxic, exposes the patient to serious side effects, and is not effective in many cases. Floss noted that Plaintiff's liver biopsy in 2006 showed no fibrosis (docket entry #88-2, page #10), and his 2012 biopsy (docket entry #88-1, page #18) showed hepatitis with minimal activity and minimal periportal fibrosis. According to Floss, Plaintiff's biopsy did not meet the criterial for treatment recommended by the BOP. Floss also stated that neither Iko nor Samad prescribed medication therapy, medication therapy was not medically indicated, and that Plaintiff's treatment was

4

appropriate.

Plaintiff contends that Iko and Samad recommended medication therapy. Iko did write that Plaintiff would require medication after a biopsy, but also noted that Plaintiff was requesting treatment, and would require a liver biopsy prior to treatment (docket entry #2-1, page #83). After a consultation, Samad recommended consideration of medication therapy, and possible vaccination prior to starting treatment (docket entry #2-1, pages #84 & #85). It is unclear whether either Iko or Samad actually recommended medication therapy. However, even if they did, Plaintiff can at most establish a difference of opinion between physicians as to the appropriate course of treatment for his condition. As discussed above, a mere disagreement with medical care is insufficient to establish deliberate indifference. The Medical Defendants are therefore entitled to summary judgment.[1]

ADC Defendants

The ADC Defendants assert that they are entitled to qualified immunity as to any claim of inadequate medical care because they are not licensed medical providers, and they rely upon the treatment provided by the prison's medical contractor. There is no indication that any ADC Defendant prevented Plaintiff from receiving any prescribed care. Rather, the undisputed facts indicate that the ADC Defendants relied upon the expertise of the medical providers to make appropriate treatment decisions. Accordingly, the ADC Defendants are entitled to summary judgment. Any claim Plaintiff has for inadequate medical care must be brought against the medical

---

[1] Even if the Court accepts Plaintiff's interpretation of Iko's and Samad's medical notes, this case is almost identical to situation presented in *Williams v. Correctional Medical Services et al.*, ED/AR No. 5:05CV00153. In that case, the Court determined that there was a difference in medical opinion, with one physician believing medication should be immediately started, and others concluding the risks of medication outweighed the potential benefits, particularly given the expected success rate for an individual with Plaintiff's genotype. The Court found, and the Court of Appeals agreed, that Plaintiff could not establish deliberate indifference in light of those facts.

providers. *See Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (noting that prison officials cannot substitute their judgment for medical professional's prescribed treatment); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care).

Americans With Disabilities Act claims

To the extent that Plaintiff may be attempting to pursue Americans With Disabilities Act claims against some Defendants, all such claims should be dismissed for the reasons set forth previously (docket entries #14 & #36).

Plaintiff's motions

In light of this recommendation, Plaintiff's motion for a preliminary injunction seeking immediate antiviral therapy (docket entry #82), and his counter motions for summary judgment (docket entries #93 & #94) should be DENIED.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motions for summary judgment (docket entries #84 & #87) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. Plaintiff's motion for a preliminary injunction (docket entry #82), and his counter motions for summary judgment (docket entries #93 & #94), be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this __4__ day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE